IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)


DAVID EARL WATERS, JR.                                          PLAINTIFFS
1419 Winter Avenue
Louisville, Kentucky 40204


ANGELA MARIE WATERS
1419 Winter Avenue
Louisville, Kentucky 40204



                                        Case No.    3:17-CV-677-CRS
                                                   _____

v.                                      Judge   Charles R. Simpson, III
                                              _____



JJ MARSHALL & ASSOCIATES, INC.                                 DEFENDANTS
P.O. Box 182190
Shelby TWP, MI 48318-2190

            SERVE:      JJ Marshall & Associates, Inc.
                        P.O. Box 182190
                        Shelby TWP, MI 48318-2190
                        (BY KENTUCKY SECRETARY OF STATE)

AND

CREDIT PROTECTION ASSOCIATION, L.P.
13355 Noel Road, Suite 2100
Dallas, Texas 75201

            SERVE:      CT Corporation System
                        1999 Bryan Street, Suite 900
                        Dallas, Texas 75201
                        (BY KENTUCKY SECRETARY OF STATE)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

        SERVE:        CSC-Lawyers Incorporating Service Co.
                             421 W. Main Street
                             Frankfort, Kentucky 40601
                             (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

        SERVE:        The Prentice Hall Corporation System
                             421 W. Main Street
                             Frankfort, Kentucky 40601
                             (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

        SERVE:        CT Corporation System
                             306 W. Main Street, Suite 512
                             Frankfort, Kentucky 40601
                             (BY CERTIFIED MAIL)

** ** ** **

## VERIFIED COMPLAINT

Come the Plaintiffs, David and Angela Waters, and for their Verified Complaint against the Defendants, JJ Marshall & Associates, Inc. ("JJ Marshall"), Credit Protection Agency, Inc. ("Credit Protection"), Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union") and Experian Information Solutions, Inc. ("Experian") state as follows:

2

## I. PRELIMINARY STATEMENT

1.     This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out the Defendants' false reporting of and Defendants' failure to investigate Plaintiffs' disputes regarding alleged collections accounts.

## II. PARTIES

2.     Plaintiffs, David and Angela Waters, who are married, are currently and were at all relevant times citizens of the Commonwealth of Kentucky residing at 1419 Winter Avenue, Louisville, Kentucky 40204.

3.     Plaintiffs are "consumers" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.     Defendant, JJ Marshall, is a Michigan corporation doing business in the Commonwealth of Kentucky with its principal place of business at 6060 Collection Dr., Shelby Township, Michigan 48649.

5.     JJ Marshall is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6.     Defendant, Credit Protection is an Illinois corporation doing business in the Commonwealth of Kentucky with it principal place of business at Regency Towers, Oak Brook, Illinois 60521.

7.     Credit Protection is a "furnisher of information" as the term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

8.     Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

9.     Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

10.     Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

11.     Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

12.     Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

13.     Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

14.     Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

15.     Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

16.     Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

17.     This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C.

§1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants' doing business in Jefferson County, Kentucky.

## IV. **FACTUAL BACKGROUND**

18. In September 2017, Plaintiffs, who were in the process of seeking vehicle financing, accessed their Equifax, Trans Union and Experian credit reports and discovered a derogatory tradeline furnished by JJ Marshall regarding an alleged $993.00 collections account.

19. Plaintiffs disputed the JJ Marshall collections account with Equifax, Trans Union and Experian immediately upon their discovery of the derogatory tradeline. Specifically, Plaintiffs advised JJ Marshall, Equifax, Trans Union and Experian that the collections account doesn't belong to them and requested that the tradeline be removed from their credit reports.

20. Upon information and belief, Equifax, Trans Union and Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified JJ Marshall of the disputes at or within five (5) days of Equifax, Trans Union and Experian receiving notice of the disputes from Plaintiffs.

21. In October 2017, Plaintiffs received the results of their disputes with the credit bureaus. JJ Marshall, Trans Union and Experian verified the accuracy of the JJ Marshall tradeline for David and Angela Waters. Equifax deleted the JJ Marshall tradeline for Mr. Waters, but verified the tradeline for Ms. Waters.

22. JJ Marshall's, Equifax's, Trans Union's and Experian's failure to investigate Plaintiffs' disputes and their failure to delete and/or amend their reporting of the subject tradelines has damaged Plaintiffs in that Plaintiffs have been denied credit and/or have been forced to pay a high rate of interest for credit due to the Defendants' failure to properly investigate Plaintiffs' disputes and to delete or amend their reporting of the subject tradelines.

23.     In September, 2017, Ms. Waters discovered a derogatory tradeline furnished by Credit Protection regarding an alleged $92.00 collections account.

24.     Ms. Waters disputed the Credit Protection tradeline with Equifax, Trans Union and Experian immediately upon her discovery of the derogatory tradeline.  Specifically, Ms. Waters advised Credit Protection, Equifax, Trans Union and Experian that the collections account doesn't belong to her and requested that the tradeline be removed from her credit report.

25.     Upon information and belief, Equifax, Trans Union and Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Credit Protection of the disputes at or within five (5) days of Equifax, Trans Union and Experian receiving notice of the disputes from Plaintiff.

26.     In October, 2017, Ms. Waters received the results of her dispute with the credit bureaus.  Credit Protection and Equifax verified the accuracy of the Credit Protection Agency, Inc. tradeline for Ms. Waters; Tran Union and Experian deleted the Credit Protection tradeline.

27.     Credit Protection's and Equifax's failure to investigate Ms. Waters' disputes and their failure to delete and/or amend their reporting of the subject tradeline has damaged Ms. Waters in that Ms. Waters has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to properly investigate Ms. Waters' dispute and to delete or amend their reporting of the subject tradeline.

## V.  CLAIMS

### Negligence – JJ Marshall

28.     Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 27 as if fully set forth herein.

29.     JJ Marshall's failure to investigate Plaintiffs' disputes and its failure to remove the JJ Marshall tradelines from Plaintiffs' Equifax, Trans Union and Experian credit reports, despite

Plaintiffs' lawful notices to Equifax, Trans Union and Experian of the falsity of the report, was

negligent. In failing to investigate Plaintiff's disputes and in failing to remove JJ Marshall's false

reports regarding the JJ Marshall account, Equifax, Trans Union and Experian breached its duty

to Plaintiffs to thoroughly investigate any and all credit reporting disputes and to maintain accurate

credit histories for Plaintiffs, and acted with conscious disregard for Plaintiffs' rights.

30.     JJ Marshall's negligent failure to investigate Plaintiffs' disputes and to remove the

disputed tradelines from Plaintiffs' Equifax credit report has caused, and continues to cause

damages to Plaintiffs, including, but not limited to, humiliation and embarrassment, a substantial

decline in Plaintiffs' credit rating and other compensatory and consequential damages.

31.     Equifax's failure to investigate Plaintiffs' disputes and to remove 's false report

regarding the PFC account from Plaintiffs' credit reports, despite Plaintiffs' lawful notices to

Equifax of the falsity of the report, was willful and wanton, entitling Plaintiffs to punitive damages

therefor.

### Negligence – Credit Protection

32.     Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1

through 31 as if fully set forth herein.

33.     Credit Protection's failure to investigate Plaintiff's dispute and its failure to remove

the Credit Protection tradeline from Plaintiff's Equifax credit report, despite Plaintiff's lawful

notices to Equifax, Trans Union and Experian of the falsity of the report, was negligent. In failing

to investigate Plaintiff's dispute and in failing to remove Credit Protection's false report regarding

the Credit Protection account, Equifax breached its duty to Plaintiff to thoroughly investigate any

and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted

with conscious disregard for Plaintiff's rights.

34.     Credit Protection's negligent failure to investigate Plaintiff's dispute and to remove

the Credit Protection tradeline from Plaintiff's credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating and other compensatory and consequential damages.

35.     Credit Protection's failure to investigate Plaintiff's dispute and to remove Credit Protection's false report regarding the Credit Protection account from Plaintiff's credit report, despite Plaintiff's lawful notices to Credit Protection of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Equifax

36.     Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 35 as if fully set forth herein.

37.     Equifax's failure to investigate Plaintiffs' disputes and its failure to remove the JJ Marshall and Credit Protection tradelines from Plaintiffs' Equifax credit reports, despite Plaintiffs' lawful notices to Equifax of the falsity of the reports, was negligent.  In failing to investigate Plaintiffs' disputes and in failing to remove JJ Marshall and Credit Protection's false reports regarding the JJ Marshall and Credit Protection accounts, Equifax breached its duty to Plaintiffs to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiffs, and acted with conscious disregard for Plaintiffs' rights.

38.     Equifax's negligent failure to investigate Plaintiffs' disputes and to remove the JJ Marshall and Credit Protection tradelines from Plaintiff's Equifax credit reports has caused, and continues to cause damages to Plaintiffs, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiffs' credit rating and other compensatory and consequential damages.

39.     Equifax's failure to investigate Plaintiffs' disputes and to remove JJ Marshall and Credit Protection's false report regarding the JJ Marshall and Credit Protection accounts from

Plaintiff's credit reports, despite Plaintiffs' lawful notices to Equifax of the falsity of the reports, was willful and wanton, entitling Plaintiffs to punitive damages therefor.

## Negligence -Trans Union

40.     Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 39 as if fully set forth herein.

41.     Trans Union's failure to investigate Plaintiffs' disputes and its failure to remove the JJ Marshall tradeline from Plaintiffs' Trans Union credit reports, despite Plaintiffs' lawful notices to Trans Union of the falsity of the report, was negligent.  In failing to investigate Plaintiffs' disputes and in failing to remove JJ Marshall's false reports regarding the JJ Marshall account, Trans Union breached its duty to Plaintiffs to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiffs, and acted with conscious disregard for Plaintiffs' rights.

42.     Trans Union's negligent failure to investigate Plaintiffs' disputes and to remove the JJ Marshall tradelines from Plaintiffs' Trans Union credit reports has caused, and continues to cause damages to Plaintiffs, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiffs' credit rating, and other compensatory and consequential damages.

43.     Trans Union's failure to investigate Plaintiffs' disputes and to remove JJ Marshall's false reports regarding the JJ Marshall account from Plaintiffs' credit report, despite Plaintiffs' lawful notices to Trans Union of the falsity of the reports, was willful and wanton, entitling Plaintiffs to punitive damages therefor.

## Negligence – Experian

44.     Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 43 as if fully set forth herein.

45.     Experian's failure to investigate Plaintiffs' disputes and its failure to remove the JJ

Marshall tradeline from Plaintiffs' Experian credit report, despite Plaintiff's lawful notices to Experian of the falsity of the reports, was negligent. In failing to investigate Plaintiffs' disputes and in failing to remove JJ Marshall's false reports regarding the JJ Marshall account, Experian breached its duty to Plaintiffs to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiffs, and acted with conscious disregard for Plaintiffs' rights.

46.     Experian's negligent failure to investigate Plaintiffs' disputes and to remove the JJ Marshall tradeline from Plaintiffs' Experian credit reports has caused, and continues to cause damages to Plaintiffs, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiffs' credit rating and other compensatory and consequential damages.

47.     Experian's failure to investigate Plaintiffs' disputes and to remove JJ Marshall's false reports regarding the JJ Marshall account from Plaintiffs' credit report, despite Plaintiffs' lawful notices to Experian of the falsity of the reports, was willful and wanton, entitling Plaintiffs to punitive damages therefor.

## Defamation – JJ Marshall

48.     Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 47 as if fully set forth herein.

49.     JJ Marshall, with knowledge of the falsity of its statements, has published and continues to publish statements to others that the above-listed account is past due. JJ Marshall's statements were false and were made with conscious disregard for the rights of the Plaintiffs.

50.     JJ Marshall's publication of false statements regarding Plaintiffs' creditworthiness and their alleged past due account amounts to defamation and defamation *per se* of the Plaintiffs, entitling Plaintiffs to compensatory, special, consequential and punitive damages therefor.

## Defamation – Credit Protection

51.     Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 50 as if fully set forth herein.

52.     Credit Protection, with knowledge of the falsity of its statements, has published and continues to publish statements to others that the above-listed accounts are past due.  Credit Protection's statements were false and were made with conscious disregard for the rights of the Plaintiff.

53.     Credit Protection's publication of false statements regarding Plaintiff's creditworthiness and her alleged late payment amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

## Defamation – Equifax

54.     Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 53 as if fully set forth herein.

55.     Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others that the above-listed accounts are past due.  Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiffs.

56.     Equifax's publication of false statements regarding Plaintiffs' creditworthiness and their alleged late payment amounts to defamation and defamation *per se* of the Plaintiffs, entitling Plaintiffs to compensatory, special, consequential and punitive damages therefor.

## Defamation – Trans Union

57.     Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 56 as if fully set forth herein.

58.     Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others that the above-listed accounts are past due.  Trans Union's

statements were false and were made with conscious disregard for the rights of the Plaintiffs.

59.     Trans Union's publication of false statements regarding Plaintiffs' creditworthiness and their alleged late payment amounts to defamation and defamation *per se* of the Plaintiffs, entitling Plaintiffs to compensatory, special, consequential and punitive damages therefor.

**Defamation – Experian**

60.     Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 59 as if fully set forth herein.

61.     Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others that the above-listed accounts are past due.  Experian's statements were false and were made with conscious disregard for the rights of the Plaintiffs.

62.     Experian's publication of false statements regarding Plaintiffs' creditworthiness and their alleged late payment amounts to defamation and defamation *per se* of the Plaintiffs, entitling Plaintiffs to compensatory, special, consequential and punitive damages therefor.

**Negligent Violation of the Fair Credit Reporting Act – JJ Marshall**

63.     Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 62 as if fully set forth herein.

64.     JJ Marshall's initial and continuing false reporting to Equifax, Trans Union and Experian of Plaintiffs' alleged past due JJ Marshall collections account and its failure to investigate Plaintiffs' disputes are violations of JJ Marshall's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

65.     JJ Marshall's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which JJ Marshall is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, and for Plaintiffs' attorneys' fees.

**Negligent Violation of the Fair Credit Reporting Act – Credit Protection**

66.     Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 65 as if fully set forth herein.

67.     Credit Protection's initial and continuing false reporting to Equifax of Ms. Waters' alleged past due Credit Protection collections account and its failure to investigate Ms. Waters' disputes are violations of Credit Protection's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

68.     Credit Protection's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Credit Protection is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

**Negligent Violation of the Fair Credit Reporting Act - Equifax**

69.     Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 68 as if fully set forth herein.

70.     Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

71.     Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiffs' disputes are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

72.     Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, and for Plaintiffs' attorney's fees.

## Negligent Violation of the Fair Credit Reporting Act - Experian

73.     Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 72 as if fully set forth herein.

74.     Experian's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

75.     Experian's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Experian's receipt of Plaintiffs' dispute are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

76.     Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, and for Plaintiffs' attorney's fees.

## Negligent Violation of the Fair Credit Reporting Act – Trans Union

77.     Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 76 as if fully set forth herein.

78.     Trans Union's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

79.     Trans Union's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Trans Union's receipt of Plaintiffs' disputes are violations of Trans Union's duties regarding

investigation of disputed items under 15 U.S.C. §1681i.

80.    Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, and for Plaintiffs' attorney's fees.

## Willful Violation of the Fair Credit Reporting Act – JJ Marshall

81.    Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 80 as if fully set forth herein.

82.    JJ Marshall's initial and continuing false reporting to Equifax, Trans Union and Experian of Plaintiffs' alleged past due JJ Marshall collections account, despite JJ Marshall's knowledge of the falsity of its reporting, and JJ Marshall's failure to investigate Plaintiffs' disputes are willful violations of JJ Marshall's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

83.    Given JJ Marshall's knowledge of the falsity of its reporting and its failure to investigate Plaintiffs' disputes, JJ Marshall's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which JJ Marshall is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, for punitive damages, and for Plaintiffs' attorney's fees.

## Willful Violation of the Fair Credit Reporting Act – Credit Protection

84.    Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 83 as if fully set forth herein.

85.    Credit Protection's initial and continuing false reporting to Equifax of Ms. Waters' alleged past due Credit Protection collections account, despite Credit Protection's knowledge of the falsity of its reporting, and Credit Protection's failure to investigate Ms. Waters' dispute are

willful violations of Credit Protection's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

86.     Given Credit Protection's knowledge of the falsity of its reporting and its failure to investigate Plaintiff's dispute, Credit Protection's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Credit Protection is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act - Equifax

87.     Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 86 as if fully set forth herein.

88.     Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

89.     Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiffs' disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

90.     Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, for punitive damages and for Plaintiffs' attorney's fees.

### Willful Violation of the Fair Credit Reporting Act - Experian

91.     Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1

through 90 as if fully set forth herein.

92.     Experian's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

93.     Experian's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Experian's receipt of Plaintiffs' disputes are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

94.     Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, for punitive damages and for Plaintiffs' attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Trans Union**

95.     Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 94 as if fully set forth herein.

96.     Trans Union's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

97.     Trans Union's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

98.     Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiffs for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorney's fees.

WHEREFORE, Plaintiffs, David and Angela Waters, respectfully demand the following:

1.      Trial by jury on all issues so triable;

2.      Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3.      For attorneys' fees and costs; and,

4.      Any and all other relief to which Plaintiffs may appear to be entitled

Respectfully submitted,

/s/David W. Hemminger
David W. Hemminger
CREDITLAW, PSC
616 South Fifth St.
Louisville, KY  40202
(502) 443-1060
hemmingerlawoffice@gmail.com
Counsel for Plaintiffs

and

/s/Sam Carl
Sam Carl
CREDITLAW, PSC
616 S. Fifth St.
Louisville, KY 40202
(Tel) 502.587.0004
(Fax) 502.589.3004
sambcarl@gmail.com
Counsel for Plaintiffs

/s/Sam Carl
Sam Carl
CREDITLAW, PSC
616 S. Fifth St.
Louisville, KY 40202
(Tel) 502.587.0004
(Fax) 502.589.3004
sambcarl@gmail.com
*Counsel for Plaintiffs*

## VERIFICATION

I, David Waters, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

*David Waters*

David Waters

STATE OF KENTUCKY                    )
                                     ) SS
COUNTY OF JEFFERSON                  )

Subscribed, sworn to and acknowledged before me by David Waters this _10_ day of _November_, 2017.

_RLL R__

Notary Public

Notary Public, State at Large, KY    Commission expires: _March 28, 2018_
My Commission Expires Mar. 28, 2018

## VERIFICATION

I, Angela Waters, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_Angela Waters_
Angela Waters

STATE OF KENTUCKY                                    )
                                                     ) SS
COUNTY OF JEFFERSON                                  )

Subscribed, sworn to and acknowledged before me by Angela Waters this 10ᵗʰ day of November , 2017.

_____
Notary Public

Notary Public, State at Large, KY
My Commission Expires Mar. 28, 2018

Commission expires: March 28, 2018